# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MATHENY,<br><br>                Plaintiff,<br><br>v.<br><br>METROPOLITAN TRANSIT SYSTEM; UNIVERSAL PROTECTION SERVICE, LP; MANNY GUADERRAMA; and DOES 1–50,<br><br>                Defendants. | Case No.: 3:19-cv-00016-H-BGS<br><br>**ORDER DENYING:**<br><br>**(1) MOTION TO DISMISS BY DEFENDANTS MANNY GUADERRAMA AND SAN DIEGO METROPOLITAN TRANSIT SYSTEM**<br>**[Doc. No. 6]**<br><br>**(2) MOTION TO DISMISS BY UNIVERSAL PROTECTION SERVICE, LP**<br>**[Doc. No. 7]** |

On February 7, 2019, Defendants Manny Guaderrama and San Diego Metropolitan Transit System ("MTS") filed a motion to dismiss Plaintiff Jesse Matheny's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 6.) On February 15, 2019, Defendant Universal Protection Service, LP ("Universal Protection") also filed a motion to dismiss Plaintiff's complaint. (Doc. No. 7.) Plaintiff filed

oppositions to the motions on March 11, 2019. (Doc. Nos. 8, 9.) Defendants filed their replies on March 18, 2019. (Doc. Nos. 11, 12.) For the following reasons, the Court denies both motions to dismiss.[1]

**Background**

Defendant MTS is a public entity responsible for operation of San Diego's bus and rail system and its employees, including code compliance officers. (Doc. No. 1 ¶¶ 11–12.) Defendant Guaderrama is MTS's Director of Security. (Id. ¶ 10.) Defendant Universal Protection is a private entity that contracts with MTS to provide security, and code and law enforcement services. (Id. ¶ 15.) Defendant Officers Doe 1, Doe 2, and Doe 3 have been identified by Plaintiff as MTS officers employed by MTS and/or Universal Protection. (Id. ¶ 58.)

On February 13, 2018, Plaintiff purchased a soft drink at a 7-Eleven that neighbors an MTS bus station, and Plaintiff then on sat on steps outside of the store to drink it. (Id. ¶¶ 19–23.) Officers Doe 1 and Doe 2 approached Plaintiff, said he was on MTS property, and told him to leave. (Id. ¶ 21.) Plaintiff told the officers that he was on 7-Eleven's property and had just made a purchase from the store, pointing at the store and steps. (Id. ¶ 22.) Officer Doe 3 then arrived on the scene. (Id. ¶ 25.) Plaintiff told the officers that they had no right to ask him to leave. (Id. ¶ 26.) Plaintiff alleges that Officer Doe 1 then tackled him to the ground. (Id. ¶¶ 27–28.) As a result, Plaintiff's head and neck smashed into the cement, and he suffered an open distal radius and ulna fracture, along with fractures bones in his left wrist. (Id. at 2–3.) Once Plaintiff was on the ground, Officers Doe 1 and Doe 2 handcuffed him. (Id. ¶ 30.) Plaintiff told the officers that the handcuffs were causing him extreme pain due to his carpal tunnel and repeatedly asked that the

---

[1] Defendants Guaderrama and MTS also filed a request for judicial notice. (Doc. No. 6-2.) The items for which Defendants request judicial notice are an MTS transit enforcement fact sheet (RJN Exh. A); MTS codified ordinances (RJN Exhs. B, C); Plaintiff's agency claim form submitted to MTS (RJN Exh. D); MTS's citation and notice to appear (RJN Exh. E); and Google Maps street views images of the incident location (RJN Exh. F). The Court grants the request for judicial notice of all exhibits pursuant to Federal Rule of Evidence 201(b).

handcuffs be loosened, but the officers refused. (Id. ¶¶ 33–36.) On August 9, 2018, Plaintiff filed a claim pursuant to the Government Tort Claims Act, which was denied by MTS on August 15, 2018. (Id. ¶ 17.)

Accordingly, Plaintiff filed the instant complaint against Defendants MTS, Universal Protection, Guaderrama, and Does 1 through 50. (Doc. No. 1.) Plaintiff alleges claims against Does 1 through 50 pursuant to 42 U.S.C. § 1983 for unlawful seizure, false arrest, excessive force, and retaliation. (Id. ¶¶ 52–111.) Plaintiff alleges claims against Defendants MTS, Universal Protection, and Guaderrama pursuant to § 1983 for failure to properly train, failure to properly supervise and discipline, and failure to properly investigate. (Id. ¶¶ 112–144.) Plaintiff alleges a claim under § 1983 for Monell municipal liability against MTS and Universal Protection. (Id. ¶¶ 145–161.) Plaintiff also alleges state law claims against MTS, Universal Protection, and Officer Doe 1 for assault and battery. (Id. ¶¶ 162–175.) Finally, Plaintiff alleges a state law claims against MTS, Universal Protection, and Does 1 through 50 for negligence, false imprisonment, intentional infliction of emotional distress, and violation of the Bane Act, California Civil Code § 52.1. (Id. ¶¶ 176–212.)

## Discussion

### I. Legal Standard for Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The factual allegations of the complaint are presumed to be true, and the complaint is only dismissed if the plaintiff failed to allege an element necessary for subject matter jurisdiction. See Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Orsay v. U.S. Dep't of Justice, 289 F.3d 1125, 1127 (9th Cir. 2002).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id. "The court need not presume the truthfulness of the plaintiff's allegations." Id. "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mutual Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

## II. Legal Standard for Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs a plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume

that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

### III. Analysis

Both motions to dismiss argue that Plaintiff has failed to plead facts demonstrating a constitutional violation, the Doe Officers are shielded from liability by qualified immunity, and Plaintiff has failed to plead a Monell claim. (Doc. Nos. 6-1, 7-1.) Defendants further argue that if Plaintiff's federal claims fail, the Court lacks jurisdiction over Plaintiff's state law claims. (Doc. Nos. 6-1 at 24; 7-1 at 18.) Universal Protection additionally argues that the complaint fails to demonstrate that Universal Protection or any Universal Protection employee acted under color of law. (Doc. No. 7-1 at 12.) Plaintiff argues that the Court may not make factual inferences in favor of Defendants, particularly at the pleading stage; Defendant relies on evidence, including video footage, which is not properly before the Court; Plaintiff has alleged sufficient facts to support his claims; use of fictitious Doe defendants is permitted in § 1983 actions; the complaint sufficiently alleges that Universal Protection and its employees were acting under color of law; and the Doe Officers are not entitled to qualified immunity. (Doc. Nos. 8, 9.) After considering the parties' arguments, the Court denies both motions to dismiss

because Plaintiff has pled sufficient facts to support his claims. Many of Defendants' arguments are better suited for a later stage in proceedings when the record before the Court is more fully developed.

> **A. Claims for Unlawful Seizure, False Arrest, Excessive Force, and Retaliation**

Plaintiff alleges § 1983 claims against the Doe Officers for unlawful seizure, false arrest, excessive force, and retaliation. (Doc. No. 1 ¶¶ 52–111.) Defendants argue that the Court should dismiss these claims because Plaintiff fails to plead facts demonstrating a constitutional violation; video evidence undermines his claims; and the Doe Officers are entitled to qualified immunity. (Doc. Nos. 6-1; 7-1.) However, the Court concludes that Plaintiff has sufficiently pled his § 1983 claims and it is too early in proceedings to determine whether the Doe Officers are entitled to qualified immunity.

First, Plaintiff has alleged sufficient facts to support his § 1983 claims for unlawful seizure, false arrest, excessive force, and retaliation. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Here, Plaintiff alleges that he was on 7-Eleven property after he made a purchase from the store when he was asked to leave by the Doe Officers. (Doc. No. 1 ¶¶ 19–25.) Plaintiff told the officers that they had no right to ask him to leave. (Id. ¶ 26.) Plaintiff alleges that Officer Doe 1 then tackled him to the ground, and Officers Doe 1 and Doe 2 tightly handcuffed him and did nothing when he complained that the handcuffs were causing him pain. (Id. ¶¶ 27–36.) Plaintiff alleges that Doe 3 failed to intervene during the alleged unconstitutional conduct. (Id. ¶ 31.) Plaintiff alleges that the officers' actions constituted unlawful seizure and false arrest, in violation of the Fourth Amendment, because the officers had no legal basis to ask Plaintiff to leave 7-Eleven property and then restrain him. (Id. ¶¶ 52–76) Further, Plaintiff alleges that the officers' use of force was excessive, in violation of the Fourth

Amendment and done in retaliation for Plaintiff asserting his rights, in violation of the First Amendment. (Id. ¶¶ 77–111.) Defendants argue that Plaintiff's allegations are negated by video surveillance footage of the incident. (Doc. No. 6-1 at 8, 15–16.) However, that video is not before the Court. Therefore, accepting as true the factual allegations made by Plaintiff in his complaint, the Court concludes that Plaintiff has sufficiently pled his § 1983 claims for unlawful seizure, false arrest, excessive force, and retaliation.

Defendant Universal Protection also argues that the complaint lacks facts demonstrating that any Universal Protection employee was acting under color of law. (Doc. No. 7-1 at 12–14.) To state a claim under § 1983, a plaintiff must allege that the defendant acted "under color of law," and that the defendant "infringed a right guaranteed by federal law or the federal Constitution." Shah v. Cty. of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986). "Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

In his complaint, Plaintiff alleges that the Doe Officers were "acting under color of state law" in their altercation with Plaintiff. (Doc. No. 1 ¶ 59, 73, 91, 93, 106, 108, 113, 154.) This is on the basis that MTS, a public entity, contracts with Universal Protection to provide security, and code and law enforcement services. (Id. ¶ 15.) Plaintiff identifies the Doe Officers as either MTS employees or Universal Protection employees. (Id. ¶ 13.) Plaintiff properly alleges that he is truly ignorant of the identity of the Doe Officers, (Id. ¶ 16), and states that he intends to amend his complaint as soon as he is able to identify the Doe Officers by name through the discovery process. (Id.; Doc. No. 9 at 12.) This is a situation "where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The Court therefore concludes

that Plaintiff has sufficiently alleged that the Doe Officers were acting under the color of law, and that Plaintiff has sufficiently identified the Doe Officers as either MTS or Universal Protection employees. The Court notes that at this time, it is unclear as to whether any of the Doe Officers are Universal Protection employees. Therefore, the Court acknowledges that Universal Protection may renew its arguments once the Doe Officers have been identified and the record before the Court has been more fully established.

Second, it is too early in proceedings for the Court to determine whether the Doe Officers are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Kisela v. Hughes, 138 S.Ct. 1148, 1152 (2018) (quoting White v. Pauly, 137 S.Ct. 548, 551 (2017)). "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." Avina v. United States, 681 F.3d 1127, 1130 (9th Cir. 2012) (quoting Glenn v. Washington Cty., 673 F.3d 864, 871 (9th Cir. 2011)). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." Tolan v. Cotton, 134 S.Ct. 1861, 1865 (2014) (internal quotation marks and alteration notations omitted). "The second prong of the qualified-immunity analysis asks whether the right in question was clearly established at the time of the violation." Id. at 1866 (internal quotation marks omitted). When considering these two prongs, courts may not resolve genuine disputes of fact in favor of the nonmoving party. See id.

The Court concludes that the Doe Officers are not at this time eligible for qualified immunity because the Court must accept Plaintiff's factual allegations as true and genuine issues of material fact remain on both prongs of the qualified-immunity analysis.

8

3:19-cv-00016-H-BGS

Plaintiff alleges in his complaint that he was standing on 7-Eleven property after making a purchase there when the Doe Officers approached him asking him to leave. Plaintiff alleges that Officer Doe 1 then tackled him, and then Officer Does 1 and 2 handcuffed him in a harmful manner, while Officer Doe 3 failed to intervene. At this time, viewing the facts from Plaintiff's complaint in a light most favorable to him, the Court cannot conclude that the actions of the Doe Officers were not a violation of Plaintiff's rights. Similarly, viewing the alleged facts in a light most favorable to Plaintiff, the Court also cannot conclude at this early stage in the proceedings that Plaintiff's rights were not clearly established.

Accepting, as it must, all factual allegations in the complaint as true and construing those allegations in the light most favorable to the non-moving party, the Court concludes that Plaintiff has sufficiently pled his § 1983 claims and that there are material issues of fact as to whether the Doe Officers violated Plaintiff's clearly established rights under the circumstances. See Graham, 490 U.S. at 396. Defendants' arguments are more suitable for resolution at the summary judgment stage when the record before the Court is more fully developed. Accordingly, the Court declines to dismiss Plaintiff's claims against the Doe Officers under § 1983 for unlawful seizure, false arrest, excessive force, and retaliation.

### B. Claims for Failure to Properly Train, Failure to Properly Supervise and Discipline, Failure to Properly Investigate, and Monell Liability

Plaintiff alleges § 1983 claims against MTS, Universal Protection, and Guaderrama for failure to properly train, failure to properly supervise and discipline, failure to properly investigate, and Monell liability. (Doc. No. 1 ¶¶ 112–161.) Defendants argue that Plaintiff has failed to allege sufficient facts to support such claims. (Doc. Nos. 6-1 at 22–24; 7-1 at 10–18.) After reviewing the parties' arguments, the Court concludes that Plaintiff has sufficiently pled his claims.

Universal Protection again argues that Plaintiff has failed to allege facts showing that Universal Protection was acting under color of law. However, in his complaint

9

3:19-cv-00016-H-BGS

Plaintiff alleges that Universal Protection was acting under color of state law pursuant to Dennis v. Sparks, 449 U.S. 24 (1980). (Doc. No. 1 ¶ 147.) Plaintiff alleges that MTS, a public entity, contracts with Universal Protection to provide security, and code and law enforcement services. (Id. ¶ 15.) Plaintiff identifies the Doe Officers as either MTS employees or Universal Protection employees. (Id. ¶ 13.) Accepting Plaintiff's factual allegations as true, the Court concludes that Plaintiff has sufficiently alleged facts demonstrating that Universal Protection was acting under color of law.

Under Monell, a municipality can be held liable as a "person" under 42 U.S.C. § 1983 if it caused a civil rights violation by virtue of (1) an official policy, practice or custom, (2) deliberately indifferent training or supervision, or (3) ratification by an official with final policy-making authority. See Clouthier v. Cty. of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010). The Ninth Circuit has explained:

> Rather, as to a municipality, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." [City of Canton v. Harris, 489 U.S. 378, 388 (1989).] This means that [Plaintiff] "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." [Price v. Sery, 513 F.3d 962, 973 (9th Cir. 2008).] As to an official in his individual capacity, the same standard applies—[Plaintiff] must show that [Guaderrama] was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights. [Connick v. Thompson, 563 U.S. 51, 59 (2011)].

Flores v. County of Los Angeles, 758 F.3d 1154, 1158–59 (9th Cir. 2014) (footnote omitted, bracketed alterations added). "Allegations of Monell liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the alleged deficiency was obvious and that the constitutional injury was likely to occur." Lucas v. City of Visalia, 2010 WL 1444667 at * 4 (E.D. Cal. Apr.12, 2010) (citing Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal.

2009). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick, 563 U.S. at 62 (citation omitted).

A municipality may be liable under § 1983 when its "failure to train amounts to deliberate indifference to rights of persons with whom the [employees] come into contact." City of Canton, 489 U.S. at 388; see Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). To state a claim for failure to properly train, a plaintiff "must show that (1) he was deprived of a constitutional right, (2) the City had a training policy that amounts to deliberate indifference to the constitutional rights of the persons' with whom [its officers] are likely to come into contact; and (3) his constitutional injury would have been avoided had the City properly trained those officers." Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (internal quotation marks and alterations omitted).

Here, Plaintiff sufficiently alleges his claims for failure to train, failure to properly supervise and discipline, failure to properly investigate, and Monell liability. Plaintiff identifies a number of policies, practices, or customs of MTS, Universal Protection, and Guaderrama that have resulted in alleged constitutional violations. This includes a practice of MTS, Universal Protection, and Guaderrama not investigating citizen complaints of misconduct by their employees. (Doc. No. 1 ¶¶ 138–139.) Plaintiff also identifies MTS and Universal Protection's policies, practices, or customs of "[f]ailure to provide adequate training and supervision to transit officers and other employees with respect to constitutional limits on use of force, detention, and arrests"; "[f]ailure to adequately discipline or retrain officers and employees involved in misconduct"; "[s]election, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct"; "[c]ondonation and encouragement of officers in the belief that they violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits"; "[r]etaining, assigning, and selecting

transit officers and employees with known propensities for excessive force, violence, dishonesty and other misconduct, and failing to take adequate steps to discipline such persons"; "[f]ailure to practice and enforce proper reporting and investigation of use of force by transit officers and other employees; "[e]nforcing a 'code of silence,' whereby transit officers and other employees protect each other from investigation and consequences of their wrongdoing"; and "[r]atification by the highest levels of authority of the specific unconstitutional acts alleged in" Plaintiff's complaint. (Id. ¶ 148.)

Further, Plaintiff alleges that Guaderrama was hired by MTS to be in charge of MTS's security and code compliance officers. (Id. ¶ 150.) Plaintiff alleges that under Guaderrama's command, "security officers were allowed to engage citizens as regular police officers instead of observing and reporting to police officers." (Id.) Plaintiff also alleges that Guaderrama "encouraged his security and code compliance officers to act as police officers by openly calling himself the MTS 'Chief of Police' instead of his real job title Director of Security." (Id. ¶ 151.) Plaintiff alleges that the policies, practices, and customs of MTS, Universal Protection, and Guaderrama create a substantial risk of serious harm to citizens and resulted in harm to him. (Id. ¶¶ 155–157.) Plaintiff further alleges how such policies have amounted to deliberate indifference by summarizing ten similar instances of misconduct. (Id. ¶¶ 42–51, 114.)

Accordingly, the Court concludes that Plaintiff has sufficiently alleged claims for failure to train, failure to properly supervise and discipline, failure to properly investigate, and Monell liability against MTS, Universal Protection, and Guaderrama. Therefore, the Court declines to dismiss such claims. Again, Defendants' arguments may be better addressed at the summary judgment stage when the record is more fully developed.

**C.    State Law Claims**

Finally, Plaintiff alleges state law claims for assault, battery, negligence, false imprisonment, intentional infliction of emotional distress, and violation of the Bane Act. (Doc. No. 1 ¶¶ 162–212.) Defendants argue in their motions to dismiss that if Plaintiff's federal claims fail, the Court lacks subject matter jurisdiction over the state claims and

dismissal is appropriate under Rule 12(b)(1). (Doc. Nos. 6-1 at 24–25; 7-1 at 18.) However, because the Court declines to dismiss Plaintiff's federal claims, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims. Therefore, the Court denies the motions to dismiss as to Plaintiff's state law claims.

## **Conclusion**

For the foregoing reasons, the Court denies Defendants Guaderrama and MTS's motion to dismiss, and the Court also denies Defendant Universal Protection's motion to dismiss. The Court orders Defendants to file an answer to Plaintiff's complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: April 12, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT